**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

UNITED STATES OF AMERICA

v.                                                      CAUSE NO.: 2:10-CR-109-10-TLS

DANTE LEANDRO REYES

**OPINION AND ORDER**

Defendant Dante Reyes pled guilty in 2013 [ECF No. 810]. Under his plea agreement,

the Defendant waived his right to a direct appeal or collateral attack including any claim of

ineffective assistance of counsel except as it related directly to the waiver [ECF No. 809, ¶ 11].

The Defendant was sentenced and appealed that sentence, and his direct appeal was dismissed as

barred by the waiver. *See United States v. Gonzalez*, 765 F.3d 732, 741–42 (7th Cir. 2014).

The Defendant next filed his first collateral attack under 28 U.S.C. § 2255, which argued

that the government breached his plea agreement and that his trial counsel was ineffective for not

objecting to that breach [ECF No. 1225]. The Court dismissed that motion as barred by the

waiver [ECF No. 1371]. The Defendant next filed a Motion under Rule 60(b), requesting

reconsideration of the dismissal, predicated on newly discovered emails between the Defendant's

sister and his trial attorney [ECF No. 1387]. Though the Court noted the accusations were

"troubling," it dismissed the Defendant's Motion as an unauthorized successive collateral attack.

Order 2, ECF No. 1389.

The Defendant applied to the Seventh Circuit for leave to file a successive § 2255

motion. *See* Seventh Circuit's Order, ECF No. 1412. The Defendant again put forward his

defense counsel's emails, arguing he was tricked into pleading guilty and coerced into reciting at

sentencing an untrue statement authored by the attorney. *Id*. The Seventh Circuit denied

authorization and dismissed the Defendant's application, as the "new evidence Reyes identifies

does not establish that no reasonable factfinder would have found him guilty . . . . Nor has he

identified a claim based on a new, retroactively applicable rule of constitutional law." *Id*.

This matter is now before the Court on Defendant Dante Leandro Reyes's Motion for

Relief Under Fed. R. Civ. P. Rule 60(b) (2) (3) (6); (d) (1) (3)[1] and Motion for Leave to Amend

[ECF No. 1430]. In this Motion, similar to both his previous Motion under Rule 60(b) and his

application to the Seventh Circuit, the Defendant argues that his trial counsel was "grossly

abusive," engaging in a number of improper actions, including trying to seduce the Defendant's

sister, denying the Defendant his right to a jury trial, and writing the Defendant's sentencing

colloquy over the Defendant's objection, among others. *See* Motion 7, 10–12, 16, 19, 37–38.

However, while the Defendant styles his Motion as seeking relief under Rule 60(b), the Motion

is properly considered a successive Motion under § 2255. As the Defendant has not received

leave to file a successive § 2255 motion, this Court lacks jurisdiction to consider this Motion. *See*

*Ramirez v. United States*, 799 F.3d 845, 850 (7th Cir. 2015) (explaining that a new reason why a

defendant should be relieved of either his conviction or his sentence is a successive motion under

§ 2255); *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007) ("If a Rule 60(b) motion is

really a successive postconviction claim, the district court will lack jurisdiction unless the

prisoner has first obtained our permission to file it.").

Defendant argues that his motion is not a successive motion under 28 U.S.C. § 2255 on

the ground that his claims are all "procedural," and, therefore, under *Gonzales v. Crosby*, 545

U.S. 524 (2005), his motion is truly a Rule 60(b) motion. *See* Motion 23–24 (citing *Gonzales*,

---

[1] While the Defendant identifies Rule 60(d) in the heading of his motion, he does not raise any arguments
applying 60(d) in his motion.

545 U.S. at 529). However, unlike in *Crosby*, the Defendant does not allege any defects in the Court's denial of his first motion under § 2255. Instead, the Defendant focuses solely on the ineffective assistance of counsel in connection with his plea and sentencing. Where a defendant raises new claims about an underlying sentence or conviction, a motion presented under Rule 60(b) is properly construed as a successive motion under § 2255; without leave from the relevant Court of Appeals, which this Defendant has applied for and been denied, this Court has no jurisdiction to review it.

### NO CERTIFICATE OF APPEALABILITY

As this Order constitutes an adverse order to the applicant, the Court must address whether a certificate of appealability should be issued on this order. *See* Rule 11 of the Rules Governing Section 2255 Proceedings ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Rule 11 of the Rules Governing Section 2255 Proceedings. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, 893 n.4 (1983)). Where, as here, "a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484. Therefore, the Court will not issue the Defendant a certificate of appealability as to this order.

3

## CONCLUSION

For the above reasons the Court DISMISSES the Defendant's Motion for Relief Under Fed. R. Civ. P. Rule 60(b) (2) (3) (6); (d) (1) (3) and Motion for Leave to Amend [ECF No. 1430] for lack of jurisdiction. Further, the Court DECLINES to issue a Certificate of Appealability.

Accordingly, the Clerk of Court is directed to: (1) DOCKET the Defendant's Motion for Relief Under Fed. R. Civ. P. Rule 60(b) (2) (3) (6); (d) (1) (3) and Motion for Leave to Amend [ECF No. 1430] as a new (successive and second) § 2255 proceeding; and (2) immediately ENTER FINAL JUDGMENT in that proceeding stating that it is DISMISSED FOR WANT OF JURISDICTION.

SO ORDERED on January 8, 2021.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT